Aaron Kizer, SBN 4577
LAW OFFICE OF AARON KIZER, P.L.C.
1001 East Jefferson Street, Suite 1
Phoenix, Arizona 85034-2221
(602)253-2523
aaronkizer@qwest.net

José de Jesus Rivera, SBN 4604
Nathan Fidel, SBN 25136
Christopher J. O'Neil, SBN 27383
HARALSON, MILLER, PITT, FELDMAN & MCANALLY, P.L.C.
2800 North Central Avenue, Suite 840
Phoenix, Arizona 85004
(602)266-5557
*Attorneys for Plaintiffs*
me@hmpmlaw.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| RAYMOND S. MONTOYA; HARVEY DELGADO; CHARLIE UMI; MARCIE CLARK; ELMO TORREZ; JUSTO PERALTA; TONY HILL, NATHAN DUFF; and CARLOS GONZALES; on behalf of themselves and all other members of Local 383, Laborers' International Union of North America; and LOCAL 383, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>LABORERS' INTERNATIONAL UNION | Case No.:<br><br>**COMPLAINT**<br><br>*(Hon. ____________________)* |

OF NORTH AMERICA, an international union and a labor organization organized under the laws of the United States of America; and TERENCE M. O'SULLIVAN,

Defendants.

## INTRODUCTION

1. This is an action for improper disciplinary action and breach of contract under federal and Arizona law by Plaintiffs against Defendants.

## JURISDICTION

**Subject Matter Jurisdiction**

2. The Court has subject matter jurisdiction over this action, a claim under 29 U.S.C. § 411 for improper disciplinary action and infringement of rights, under the Labor-Management Reporting Disclosure Act of 1959 (LMRDA), as amended, as set forth in 29 U.S.C. § 401 et seq., specifically 29 U.S.C. §§ 411, 412.

3. There is complete diversity of citizenship, pursuant to 28 U.S.C. § 1332, between Plaintiffs, on one hand, and the Defendants, on the other; and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff Local 383 is a labor organization with its principal place of business in Arizona, and the individual Plaintiffs are residents of Arizona. Defendant LIUNA is an organization with its principal place of business in Washington, D.C. All Defendants, including Defendant Terence O'Sullivan, live and work in Washington, D.C.

**The Parties and General Jurisdiction**

4. The individual plaintiffs include Raymond S. Montoya, a resident of Phoenix, Arizona; Harvey Delgado, a resident of Phoenix, Arizona; Charlie Umi, a resident of Glendale, Arizona; Marcie Clark, a resident of Mesa, Arizona; Elmo

Torrez, a resident of Cottonwood, Arizona; Justo Peralta, a resident of Yuma, Arizona; Tony Hill, a resident of McNary, Arizona; Nathan Duff, a resident of Indian Wells, Arizona; and Carlos Gonzales, a resident of Apache Junction, Arizona. The individual plaintiffs are members in good standing of Local 383 as defined in 29 C.F.R. § 401.15.

5. The individual plaintiffs are members of Local 383, Laborers' International Union of North America, AFL-CIO. The individual plaintiffs sue on behalf of themselves and on behalf of all other members of Local 383.

6. Plaintiff Local 383 is a local labor organization engaged in an industry affecting commerce within the meaning of section 3(i), 3(j), and 401(b) of the Act (29 U.S.C. § 409(i–j), 482(b)).

7. Defendant Laborers' International Union of North America (LIUNA) is an international labor organization engaged in an industry affecting commerce within the meanings of § 3(i) and 3(j) of the Act (29 U.S.C. § 402(i–j)), headquartered at 905 16th Street, NW, Washington, D.C., and maintaining a regional office at 1103 North B Street, Suite B, Sacramento, California. LIUNA is engaged in and has engaged in continuous and systematic business contacts within this District. This Court has general jurisdiction over LIUNA under Rule 4(k)(a)(A) of the Federal Rules of Civil Procedure and under the United States Constitution.

8. Defendant Terence M. O'Sullivan is a resident of Washington, D.C., and is the General President of LIUNA. Defendant O'Sullivan is an officer of a labor organization as defined by 29 C.F.R. § 401.14.

9. Plaintiffs have requested Defendants to cure the violations of their rights. The individual defendants have refused to do so, and a reasonable time for such action has now elapsed since the making of the request.

**Venue**

10. Venue is proper under 28 U.S.C. § 1391. LIUNA has substantial contacts within this District, and a substantial part of the events giving rise to this action took place in this District.

## GENERAL ALLEGATIONS

11. Local 383 became a part of LIUNA when LIUNA issued its Charter in 1927.

12. Under the agreement and according to its constitution and Local 383's charter, LIUNA has authority to assign and re-assign territory to local unions.

13. LIUNA assigned governance of all territories within the state of Arizona to Local 383 from the inception.

14. The members of Local 383 depend on Local 383 for job opportunities, bargaining power, and pension, health, and other benefits within the State of Arizona.

15. The members of Local 383 pay dues, which contribute to pension, health, welfare, and other benefits for all members of Local 383.

16. One of the requirements of being a member of Local 383 and LIUNA is that members must work in jobs located within the territory assigned to Local 383.

17. Local 383's assigned territory has remained unchanged since LIUNA first issued its charter.

18. On March 17, 2010, by letter, LIUNA's General President, Defendant O'Sullivan, informed Local 383 that he intended to transfer the Mojave County territory to Local 872, located in Nevada.

19. LIUNA had already allowed Local 872 to vote on the proposed change without Local 383's knowledge, and without offering any Local 383 representatives an opportunity to be heard or vote.

20. On March 17, 2010, Defendant O'Sullivan notified Local 383 that it would set a hearing for March 31, 2010, in Kingman, Arizona, to determine whether the Mojave County territory should be reassigned to Local 872.

21. Defendant O'Sullivan informed Local 383 that the hearing would be before a panel appointed in LIUNA's sole discretion.

22. Defendant O'Sullivan informed Local 383 that Local 383's would not be entitled to basic due process rights including but not limited to the right of Local 383's contractors to attend the hearing, the right to a neutral decisionmaker, the right to representation by counsel, and the right to cross-examine witnesses.

23. On March 24, 2010, LIUNA agreed to Local 383's request to allow Local 383's contractors to attend the hearing.

24. On March 26, 2010, in response to Local 383's request, LIUNA rescheduled the hearing for April 26, 2010. The procedure for the hearing did not change.

25. On April 14, 2010, by letter, Defendant O'Sullivan again denied Plaintiffs' request for due process protections.

26. According to the LIUNA Constitution, Article VIII, Section (g), LIUNA has the authority to revise Local 383's territorial jurisdiction only upon notice and after a hearing.

**COUNT 1**

**IMPROPER DISCIPLINARY ACTION AND INFRINGEMENT OF RIGHTS**

27. Plaintiff Local 383 realleges Paragraphs 1 through 26 above.

28. The members of Local 383 will suffer substantial harm if the Mojave County territory is removed from Local 383's territorial jurisdiction, including but not limited to loss of union membership and loss of job opportunities.

29. The members of Local 383 have been singled out among the members of LIUNA to suffer this harm.

30. LIUNA has charged Local 383 with, among other things, failing to police Mojave County, and LIUNA now seeks to remove Mojave County from Local 383 as disciplinary action in response to the alleged failure to police the territory.

31. Local 383's members are entitled to a full and fair hearing before disciplinary action is taken against them.

32. LIUNA scheduled a hearing only *after* its General President had preliminarily decided to take disciplinary action.

33. Although a hearing was eventually scheduled, Defendant O'Sullivan, in his capacity as LIUNA's General President, had already determined that, among other things, Local 383 had failed to effectively police the Mojave County jurisdiction before the hearing took place and before offering Local 383 any chance to defend itself.

34. Local 383 is deprived of any guarantee that the hearing will be fair because LIUNA, the very party who made the disputed decision, has sole discretion to appoint the panel that will hear the dispute.

35. The hearing LIUNA has scheduled is not a full and fair hearing because it denies Local 383's members adequate notice and time to prepare a defense, the right to representation, and the right to cross-examine adverse witnesses; and it is scheduled to take place in Kingman, Arizona, a highly inconvenient venue for members and representatives from Local 383.

36. If the hearing is allowed to take place and Local 383 is stripped of its Mojave County territory, Local 383 will have been deprived of its rights guaranteed by 29 U.S.C. § 411, and Local 383 and its members will suffer substantial and irreparable harm when Mojave County is removed.

**COUNT 2**

**BREACH OF IMPLIED COVENANT OF GOOD FAITH**

37. Plaintiff Local 383 realleges Paragraphs 1 through 36 above.

38. Although Defendant LIUNA has the power to revise a local union's territorial jurisdiction, according to its Constitution it may only do so after notice and a hearing.

39. LIUNA failed to act in good faith under its contractual relationship with Local 383 by deciding to transfer Mojave County without adequate notice and a fair hearing.

40. LIUNA, and specifically its General President, has already reached a preliminary decision to remove Mojave County from Local 383's jurisdiction, and scheduled a hearing only *after* making this preliminary decision.

41. LIUNA has not provided Local 383 with sufficient notice to adequately prepare a defense.

42. LIUNA has failed to provide a fair hearing by denying Local 383 the right to representation and the right to cross-examine adverse witnesses, and by planning a hearing that will be decided by the very entity with which Local 383 has its dispute.

43. If the hearing is allowed to take place and Local 383 is stripped of its Mojave County territory, Local 383 will have been deprived of its rights guaranteed

by the LIUNA Constitution, and Local 383 and its members will suffer substantial and irreparable harm when Mojave County is removed.

**COUNT 3**

**INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS**

44. Plaintiff Local 383 realleges Paragraphs 1 through 43 above.

45. Local 383 has valid contractual relationships and business expectancies with a number of third party contractors.

46. LIUNA is aware of these contractual relationships and business expectancies.

47. LIUNA's intentional act of removing Mojave County from Local 383's territorial jurisdiction will cause a termination of Local 383's contractual relationships and business expectancies with third party contractors concerning existing and upcoming jobs in Arizona.

48. LIUNA lacks good cause to remove Mojave County from Local 383's territorial jurisdiction.

49. LIUNA's intentional act of interference is in violation of its Constitution and its contractual relationship with Local 383 in that LIUNA fails to provide adequate notice and a full and fair hearing.

50. As a result of LIUNA's interference, Local 383 and its members will suffer a loss of membership, dues, and business opportunities, as well as other damages.

**COUNT 4**

**REQUEST FOR TEMPORARY RESTRAINING ORDER**

51. Plaintiff Local 383 realleges Paragraphs 1 through 50 above.

52. Local 383 has a substantial likelihood of succeeding on the merits of its claims.

53. If the presently scheduled hearing takes place and Mojave County is removed from Local 383 before this Court has determined the rights of each party, Local 383 and its members will suffer irreparable harm, including lost dues and lost job opportunities.

54. Money damages will be insufficient to repair the damages resulting from the loss of territory, and the territory will already have been given to Local 872.

**COUNT 5**

**DECLARATORY JUDGMENT**

55. Plaintiff Local 383 realleges Paragraphs 1 through 54 above.

56. An actual controversy exists between the parties.

57. Declaratory judgment is appropriate under the circumstances, because if the presently scheduled hearing takes place and Mojave County is removed from Local 383, money damages will be insufficient to repair the damages resulting from the loss of territory, and the territory will already have been given to Local 872.

58. If this Court does not decide the parties' respective rights now, and Mojave County is removed from Local 383, the deficiencies in the hearing will not have been cured and this Court will likely have to decide the issue at that time.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff Local 383 prays for:

A. A declaration by this Court of Plaintiff Local 383's right to a full and fair hearing before an impartial forum, including the right to present evidence, cross-examine adverse witnesses, and be represented by counsel;

B. A temporary restraining order enjoining Defendant LIUNA from conducting its hearing or stripping Local 383 of its Mojave County territory until this Court determines the parties' respective rights.

C. For its reasonable costs and attorneys fees herein incurred;

D. For such other and further relief as the Court deems proper.

DATED this 21st day of April, 2010.

LAW OFFICE OF AARON KIZER, P.L.C.

s/Aaron Kizer
Aaron Kizer

and

HARALSON, MILLER, PITT, FELDMAN & MCANALLY, P.L.C.

s/Jose de Jesus Rivera
José de Jesus Rivera
Nathan Fidel
Christopher J. O'Neil