**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymnd S. Montoya, Harvey DelGado, Charlie Umi, Marcie Clark, Elmo Torrez, Justo Peralta, Tony Hill, Nathan Duff, and Carlos Gonzales, on behalf of themselves and all other members of Local 383, Laborer's International Union of North America,<br><br>Plaintiff,<br><br>vs.<br><br>Laborers' International Union of North America, and Terrance M. O'Sullivan,<br><br>Defendant. | No. CV 10-0891-PHX-GMS<br><br>**ORDER** |

Currently pending before the Court is Plaintiffs' Motion for a Temporary Restraining Order. (Dkt.#2). After reviewing the pleadings and determining a hearing to be unnecessary, the Court issues the following order.

To obtain a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, a plaintiff "must establish that [she] is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008). Furthermore, Rule 65 does not require the district court hold an evidentiary hearing before ruling on a pending motion for preliminary

injunctive relief. See generally Bradley v. Pittsburgh Bd. of Educ., 910 F.2d 1172, 1175 (3d Cir. 1990) (addressing the issue in the context of a motion for a preliminary injunction rather than a motion for a temporary restraining order). The decision of whether to hold a hearing is left at the sound discretion of the district court. 6 JAMES WM. MOOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 10.22(6)(a) (3d ed. 1999). In any case in which a party seeks an evidentiary hearing, the movant "must be able to persuade the court that the issue is indeed genuine and material and so a hearing would be productive—he must show in other words that he has and intends to introduce evidence that if believed will so weaken the moving party's case as to affect the judge's decision on whether to issue an injunction." Ty, Inc. v. GMA Accessories, Inc., 132 F.3d 1167, 1171 (2d Cir. 1997).

On April 21, 2010, Plaintiffs, who are members in good standing of Local 383, Laborers' International Union of North America, AFL-CIO, filed suit and moved for a temporary restraining order against the Laborers' International Union of North America (LIUNA) and its General President, Terence M. O'Sullivan. Plaintiffs assert claims of Improper Disciplinary Action and Infringement of Rights under 29 U.S.C. § 411 (Count One), Breach of the Implied Covenant of Good Faith (Count Two), Interference with Prospective Business (Count Three), Request of a Temporary Restraining Order (Count Four), and a Declaratory Judgment (Count Five). Plaintiffs' claims arise out of allegations that Defendants will potentially transfer the Mohave County, Arizona territory out of the jurisdiction of Local 383—which encompasses Arizona—and place the territory under the auspices of Local 872—which is located in Nevada.

Plaintiffs do not dispute that LIUNA has the ability to reorganize the jurisdiction of its local affiliates pursuant to the terms of its constitution. Plaintiffs are instead alleging that the removal of the Mohave County territory from out of the jurisdiction of Local 383 is a disciplinary action, since the impending reorganization is based on allegations that Local 383 has not been properly policing its territory in Mohave County, and as a disciplinary action, Local 383 members are entitled to a full and fair opportunity to be heard before the territory is removed pursuant to the Labor-Management Reporting and Disclosure Act, 29

U.S.C. § 411 and the LIUNA constitution. According to Plaintiffs, a fair opportunity to be heard should include service of process containing specific written charges against Local 383, a reasonable amount of time for Local 383 members to prepare an adequate defense, and a hearing before a neutral and impartial decision maker. Although a hearing is scheduled to take place on Monday, April 26, 2010 in Kingman, Arizona, Plaintiffs claim that the impending hearing lacks the basic procedural fairness guaranteed by federal law and the LIUNA constitution.

Plaintiffs specifically claim that the forum is inconvenient since most members will be unable to drive from Local 383 headquarters in Phoenix, Arizona to attend the hearing, that the format of the hearing is inadequate since Local 383 members cannot cross-examine adverse witnesses or secure adequate representation to appear on their behalf, and that the fairness of the impending hearing is in doubt as LIUNA controls the power to appoint panel members who will preside over the hearing.

Defendants have responded to Plaintiffs' motion, arguing that Plaintiffs have not met the legal standard for the granting a temporary restraining order. Defendants allege that Plaintiffs have been unable to demonstrate the probability of irreparable harm or show a likelihood that they will succeed on the merits. Defendants claim that the decision to transfer the Mohave County territory will not be made at Monday's hearing, and that the hearing panel will instead only take evidence and hear from concerned parties. According to Defendants, the hearing panel will at a later point submit its Findings of Fact and make a recommendation to LIUNA's General Executive Board for their ultimate review and approval. Defendants also claim that any decision reached by LIUNA's General Executive Board is subject to appellate administrative review under the LINUA constitution.

The Court agrees with Defendants and finds that Plaintiffs are unable to demonstrate the likelihood of suffering irreparable harm in the absence of preliminary injunctive relief, and that the balance of equities does not tip in Plaintiffs' favor. Their motion must accordingly be denied.

The Court first notes that there are serious questions as to the timing of Plaintiffs'

request for a temporary restraining order. Plaintiffs have apparently been aware of the pending hearing concerning the territorial reorganization of Mohave County for quite some time. Defendants have in fact alleged that the original hearing was scheduled for March 17, 2010 and was reset for April 26, 2010 in order accommodate concerns raised by Plaintiffs. Based on a review of the Complaint and the motion for a temporary restraining order, it is not at all clear to the Court why Plaintiffs waited until the proverbial "11th hour" to move for injunctive relief, considering the likelihood that Plaintiffs have known about the hearing for over a month, at a minimum. The timing of the motion both cuts against the merits of Plaintiffs' substantive allegations regarding the fairness of the hearing and also tips the balance of equities in Defendants' favor.

With respect to the alleged unfairness of the impending April 26, 2010 hearing, nothing in the procedures outlined by the Parties would justify the Court in issuing an injunction. "Internal union hearings are not held to the standards applicable to judicial proceedings and are not required to provide the full panoply of procedural protections associated with judicial proceedings." Mason Tenders Local Union 59 v. Laborers' Int'l Union of N. Am., 924 F. Supp. 528, 545 (S.D.N.Y. 1996), aff'd 101 F.3d 686 (2d Cir. 1996). Such hearings must be shown to only conform with the union's constitution and the internal rules that its members have adopted. Id. At this stage of the litigation, Plaintiffs have not adequately demonstrated that the April 26, 2010 hearing or the procedures that have been generally utilized throughout the reorganization process have violated LIUNA's constitution so as to justify the harsh remedy of an injunction. Plaintiffs do not dispute that they have the ability to attend the upcoming hearing and make a statement or present evidence on their behalf. In addition, while the forum of Kingman, Arizona is undoubtedly inconvenient for many of the Local 383 members located in Phoenix, the Court would be remiss if it did not note that Kingman is the seat of government for Mohave County and is not a per se inappropriate location for the hearing given the subject matter that is to be addressed.

Plaintiffs have also failed to carry their burden of persuasion regarding the prospect of imminent harm. As Defendants note, a decision to remove Mohave County from out of

the jurisdiction of Local 383 will not be made at the hearing scheduled for Monday, April 26, 2010. According to the Court's review of the relevant pleadings in this case, such a decision, if it is to arrive at all, will be issued at a later date by LIUNA's General Executive Board, which is not the body conducting the hearing. Furthermore, even if aggrieved by the General Executive Board's eventual determination, Plaintiffs will retain the right to seek appellate review under LIUNA's constitution. In essence, what Plaintiffs are attempting to do is ask the Court to enjoin an administrative body from reaching a decision that they don't agree with, even though such a decision has not yet been made, and the decision, whatever it may be, remains subject to approval by a more senior administrative body. The Court has seen no evidence to suggest that hearing panel's recommendation on the removal of Mohave County territory from Local 383 is predetermined or irrevocable. Therefore, as currently constructed, the harm alleged by Plaintiffs in their motion is far too speculative to warrant injunctive relief.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiffs' Motion for a Temporary Restraining Order. (Dkt.#2).

DATED this 23rd day of April, 2010.

_____
Mary H. Murgia
United States District Judge